**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

MICHAEL DADEY,

       Plaintiff,

v.                                                                      No. CV 14-949 LH/CG

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

       Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on Plaintiff Michael Dadey's *Motion for Attorney Fees Pursuant to the Equal Access to Justice Act, With Memorandum in Support*, ("Motion"), (Doc. 28), filed February 25, 2016; Defendant's *Brief in Response to Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act*, ("Response"), (Doc. 30), filed March 11, 2016; and Plaintiff's *Reply in Support of Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act*, ("Reply"), filed March 24, 2016. United States District Judge C. LeRoy Hansen referred the case to this Court to perform legal analysis and recommend an ultimate disposition. (Doc. 5). Having reviewed the Motion, the Response, the Reply, and the relevant law, the Court **RECOMMENDS** that Plaintiff's Motion be **GRANTED**.

## I.    Background

On September 8, 2010, Mr. Dadey filed an application for disability insurance benefits and supplemental security income, alleging disability commencing on January 1, 2010. His claim for benefits was initially denied, and again upon reconsideration. A request for a hearing was filed, and a hearing was held before an Administrative Law

Judge ("ALJ"), who issued an unfavorable decision. Mr. Dadey then filed an application for review by the Appeals Council, which was summarily denied.

Thereafter, Mr. Dadey appealed to this Court, arguing that the Commissioner committed, reversible, legal error by: (1) failing to provide sufficiently specific reasons for improperly rejecting medical opinions from acceptable sources in the record; (2) determining an improper residual functional capacity ("RFC"); and (3) failing to clarify with specificity which jobs within the Dictionary of Occupational Titles that Mr. Dadey was qualified to perform. Because the ALJ did not properly explain his reasons for rejecting portions of the medical opinion in the record, this Court recommended that the case be remanded to the Commissioner of the Social Security Administration (the "Commissioner") for further proceedings in its *Proposed Findings and Recommended Disposition* ("PFRD"). (Doc. 25). United States District Judge C. LeRoy Hansen then adopted this Court's recommendations in his *Memorandum Opinion and Order* ("Order"). (Doc. 26).

Mr. Dadey now moves this Court for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). He argues that an award of fees is appropriate because he is the prevailing party, his net worth is less than $2,000,000.00, and the Commissioner's position in defending the action was not substantially justified. (Doc. 28 at 1).

The Commissioner responds that Mr. Dadey's request for fees under EAJA should be denied, because the Commissioner's position in this case was substantially justified. (Doc. 30 at 1). The Commissioner argues that it was reasonable for the Commissioner to defend the ALJ's decision, because, although not persuasive to the

2

Court, there was "a reasonable factual and legal basis for the Commissioner's position that the ALJ implicitly rejected" certain limitations. (Doc. 30 at 2). In Mr. Dadey's Reply, he asserts that is was not reasonable for the Commissioner to defend the ALJ's decision, as the ALJ failed to account for a moderate limitation in his RFC in contravention of the law. (Doc. 31 at 2-3).

## II.    Analysis

### A.   *Standard of Review*

Pursuant to EAJA, a court is required to award attorney's fees if: "(1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)). Here, the Commissioner only disputes whether her position was substantially justified.

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (citing *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). In order to be substantially justified, the government's position must be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988) (citing *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The term position includes the government's position both in the underlying agency action and during any subsequent litigation." *Hadden*, 851 F.2d at 1267 (internal citations omitted).

"When an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, No. 04-5059, 125 Fed. Appx. 913, 916 (10th Cir. Jan. 24, 2005) (unpublished) (citing *Martinez v. Sec'y of Health and*

3

*Hum. Servs.*, 815 F.2d 1381, 1382 (10th Cir. 1987)). Indeed, "the government's position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (citing *Pierce*, 487 U.S. at 566 n.2). "The government bears the burden of showing that its position was substantially justified." *Gilbert*, 45 F.3d at 1394 (internal citations omitted).

B. *The Commissioner's Position Was Not Substantially Justified*

In this case, the Court remanded the ALJ's decision because the ALJ failed to properly explain his reasons for rejecting a probative portion of a medical opinion by Elizabeth Chiang, M.D. (Doc. 25 at 15). Dr. Chiang, a non-examining State agency psychiatrist, completed a Mental RFC Assessment ("MRFCA") of Mr. Dadey on December 13, 2010. (Administrative Record "AR" 394-397). In Section I of the MRFCA, Dr. Chiang determined that Mr. Dadey had moderate limitations in several functioning areas, including: the (1) ability to understand and remember detailed instructions; (2) ability to carry out detailed instructions; (3) ability to work in coordination with or in proximity to others without being distracted by them; (4) ability to interact appropriately with the general public; and (5) ability to accept instructions and respond appropriately to criticism from supervisors. (AR 394-95). Following these findings, in Section III of the MRFCA, Dr. Chiang explained that Mr. Dadey can interact adequately with co-workers and supervisors and respond appropriately to changes in a work setting, but that he requires a work environment with limited interactions with the general public. (AR 396).

The ALJ ultimately found, based on Dr. Chiang's opinion, that Mr. Dadey's mental impairments did not cause more than moderate limitations in the areas of social functioning and concentration, persistence, and pace. (AR 21-22, 27). The ALJ further described Dr. Chiang's opinion as indicating that Mr. Dadey could follow detailed, but

not complex, instructions, make decisions, interact adequately with others, and respond appropriately to workplace changes. (AR 27). The ALJ ultimately concluded that Mr. Dadey was limited to simple, routine, and repetitive tasks performed in an environment that does not require more than simple decisions or fast-paced production. (*Id.*). The ALJ stated that he afford Dr. Chiang's opinion and report great weight. (*Id.*).

Even though the ALJ specified that he adopted Dr. Chiang's entire medical opinion in formulating Mr. Dadey's RFC, the ALJ did not take into account the moderate limitations in the area of social functioning that Dr. Chiang assigned Mr. Dadey. The Commissioner argued that the ALJ implicitly rejected the social limitations found by Dr. Chiang for the same reasons he rejected limitations found by Dr. Louise Wynne, Ph.D.

The Court did not accept the Commissioner's argument that the ALJ's rejection of Dr. Wynne's opinion, "undermined Dr. Chiang's and would suffice to support the rejection of the social limitations in Dr. Chiang's opinion . . . ." (Doc. 30 at 3). The Court explained that the ALJ did not state that he was failing to adopt any portion of Dr. Chiang's opinion, but, in fact, stated that he was giving the opinion "great weight." (Doc. 23 at 5-6). The Court found that the Commissioner's reasoning on appeal could not save the ALJ's determination, because it is impermissible for the Court to engage in post hoc rationalization. *Robinson v. Barnhart*, 366 F.3d 1078, 1084-85 (10th Cir. 2004). Consequently, the Court found that the ALJ's analysis of Dr. Chiang's opinion was legally deficient, and remanded the case to the Commissioner for further proceedings.

Thus, the issue here is whether the Commissioner has met her burden to show that she was substantially justified in failing to properly weigh a medical opinion in the record, and defending that error in the subsequent litigation. *Hartter v. Apfel*, No. 99-

3095, 202 F.3d 282, *2 (10th Cir. Jan. 11, 2000) (unpublished).  This Court finds that the Commissioner has not.

It is well-established that Social Security Regulations require the ALJ to evaluate every medical opinion in the record, including the opinions of non-examining State agency physicians. *See* 20 C.F.R. § 416.927(b); Social Security Ruling ("SSR") 96-6p, 1996 WL 374180. Every medical source opinion should be weighed by the ALJ in consideration of the following, applicable "deference factors":

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003); *see also* 20 C.F.R. § 416.927 (c)-(d). Ultimately, the ALJ must give good reasons—reasons that are "sufficiently specific to [be] clear to any subsequent reviewers"—for the weight that he ultimately assigns to the opinions. *Langley*, 373 F.3d at 1119 (citations omitted). Failure to do so constitutes legal error. *See Kerwin v. Astrue*, No. 06-6343, 244 Fed. Appx. 880, 884 (10th Cir. Aug. 8, 2007) (unpublished).

Here, the ALJ reviewed Dr. Chiang's opinion and afforded it great weight. However, the ALJ implicitly rejected portions of Dr. Chiang's opinion by failing to incorporate them into the RFC. As stated in the PFRD, in the Tenth Circuit, the failure to consider moderate limitations that are identified by non-examining consulting physicians in an RFC is legal error, warranting remand. *Frantz v. Astrue*, 509 F.3d 1299, 1302-03 (10th Cir. 2007).

The Commissioner argues that her position in defending this error was substantially justified because there was a reasonable basis to argue that the ALJ implicitly rejected the social functioning limitations described by Dr. Chiang. (Doc. 30 at 2). The Commissioner maintains that the ALJ rejected Dr. Chiang's opinion of Mr. Dadey's social limitations for the same reasons he rejected the social limitations found by Dr. Wynne. (Doc. 30 at 2-3). The Commissioner states that although the Court found her argument to be unpersuasive, it had a reasonable basis in law and fact. (Doc. 30 at 3).

The Commissioner continues to try to clarify the ALJ's opinion with reasoning that was not provided by the ALJ. The Commissioner's post hoc arguments cannot supplement the ALJ's decision.  As stated in the Order and previously discussed, it is well-settled that the Court may not engage in post-hoc rationalization, and that the Court must evaluate an ALJ's finding based solely on the reasons stated in the decision. *Robinson*, 366 F.3d at 1084-85. Therefore, the Commissioner has not shown how it was reasonable to defend the ALJ's failure to incorporate all probative evidence in his RFC formulation.

### III.   Recommendation

For the reasons discussed above, the Court concludes that the Commissioner was not substantially justified in her position in the underlying agency action and the subsequent litigation. Accordingly, the Court finds that Mr. Dadey is entitled to an award of attorney's fees under EAJA.

**IT IS THEREFORE RECOMMENDED** that Plaintiff Michael Dadey's *Motion for Attorney Fees Pusuant to the Equal Access to Justice Act, With Memorandum in*

*Support*, ("Motion"), (Doc. 28), be **GRANTED** and that attorney fees be, and hereby are, awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d), payable to Plaintiff in the amount of $6,866.00. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (EAJA fees are paid to the plaintiff, not the plaintiff's attorney).

      **IT IS FURTHER RECOMMENDED THAT**, if Plaintiff's counsel receives attorney fees under both EAJA and 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
UNITED STATES MAGISTRATE JUDGE